UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Donald Long, et al.,** | ) | **CASE NO. 1:04 CV 1322** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ford Motor Company, et al.,** | ) | <u>**Order**</u> |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon defendant Ford Motor Company's Motion to Tax Costs Against Donald Long and Manuel Pedro (Doc. 28). For the following reasons, the motion is granted in part and denied in part.

On August 12, 2005, this Court issued its Memorandum of Opinion and Order granting defendants Ford Motor Company and Dominic Coletta's Motion for Summary Judgment as to plaintiff Manuel Pedro and defendants' Motion for Summary Judgment as to plaintiff Donald Long. On September 8, 2005, a notice of appeal was filed by plaintiffs.

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise

1

directs..." 28 U.S.C. § 1920 provides that the court may tax as costs, *inter alia,* (1) fees of the clerk, (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses and (4) fees for exemplification and copies of papers necessarily obtained for use in the case. There is a presumption in favor of awarding costs, but a court may deny costs at its discretion. *White & White v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986) and *Soberay Machine & Equipment Company v. MRF Limited, Inc.,* 181 F.3d 759 (6th Cir. 1999). There are circumstances which have been found by the Sixth Circuit as sufficient to overcome the presumption in favor of awarding costs to the prevailing party:

> where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting nonmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult.

*White & White*, 786 F.2d at 730 (citations omitted).

Defendant moves for taxation of costs in the amount of $20,143.83. The motion is supported by affidavit and documentation incorporated thereto. In particular, defendant seeks $236.04 in court costs; $2044.15 for plaintiffs' depositions; $1947.40 for witnesses' depositions and $1654.00 for service of subpoenas and witness fees for these depositions; $11,600.00 in expert witness fees; $754.47 in copying expenses; $752.01 in computer research costs; and $155.76 in "discretionary costs" including costs for long distance calls and telecopier fees, as well as messenger service and postal fees.

Plaintiffs filed a response to the motion but assert only that the issue of reimbursement of costs is premature because of the pending appeal. Plaintiffs present no other argument or

discussion.

The Sixth Circuit has rejected the assertion that a district court should not allow the taxing of costs while an appeal is pending. *Stevenson v. Rayloc,* 114 Fed. Appx. 167 (6th Cir. 2004) ("[E]ven if we were to overturn the district court's decision on the merits, the awarding of costs could be remedied on remand.") *See also Hoeller v. Eaton Corporation,* 149 F.3d 621, 626 (7th Cir. 1998) ("[Plaintiff's] claim that [defendant] cannot be the prevailing party because the case has been appealed is specious; [defendant] had all claims in the district court resolved in its favor and is the very definition of a prevailing party, regardless of the pendency of this appeal.")

Accordingly, this matter is properly before the Court. Plaintiffs have failed to present any substantive opposition to the request for costs. Nonetheless, the Court, in its discretion, will award only the following costs.

Court costs in the amount of $236.04 and $2044.15 for plaintiffs' depositions will be awarded as clearly allowed under 28 U.S.C. § 1920(1) and (2). Additionally, deposition fees for witnesses Theodis Turner, Philip Matovich, Willie Lee Jackson, Radine Brown, Larry Finklea and Harvey Wright will be allowed as the transcripts were necessarily obtained for use in the case. However, fees for witnesses Bernard Matthews, Earnest Madison, Terrance Menefee and Lionel Husband will not be permitted as their testimony was not relied upon by the parties nor, consequently, the Court. The documentation attached to defendant's motion does not delineate the amount charged for each witness's deposition. Therefore, the Court finds that one-half the amount requested is appropriate, i.e., a total of $1800.70.

The Court will not allow the expert witness fees of $11,600.00. Defendant points to *Nebraska Public Power Dist. v. Austin Power, Inc.,* 773 F.2d 960 (8th Cir. 1985). However, even

that case recognized the "traditional rule" that expert witness fees are generally limited to "statutory allowances for attendance, mileage, and subsistence." *Id.* at 975. The court allowed the taxation of the fees, nonetheless, because the experts' "testimony was crucial to the resolution of the issues in [the] case" which was tried to a jury. *Id.* Defendant herein seeks reimbursement for the experts' examinations of plaintiffs. Defendant has not demonstrated that the experts' testimony was critical to resolution of this case. In fact, the testimony was not relied upon.

Copying fees of $754.47 will be allowed as permitted by 28 U.S.C. § 1920(4). However, the expenses for computer research will not be taxed as even defendant acknowledges disagreement as to taxing these expenses as costs. No other "discretionary costs" will be allowed.

For the foregoing reasons, costs will be taxed in the amount of $4835.36.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 10/24/05